**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Constantin Petrov Graf von Spee, et al.,** | : |
| Plaintiffs, | : |
| | : Case No. 3:05cv1488 (JBA) |
| v. | : |
| | : |
| **Wilhelm Graf von Spee, et al.,** | : |
| Defendants. | : |

**RULING ON PLAINTIFF'S EMERGENCY MOTION TO CLARIFY AND MOTION TO COMPEL [Doc. #101]; MOTION FOR HEARING [Doc. #102]; AND MOTION TO EXPEDITE [Doc. #104]**

On September 22, 2005, plaintiff Felicia S. Petrov a/k/a Felicitas Petrov Grafin von Spee and her sons and co-conservators, Constantin Petrov Graf von Spee and Vladimir Mittrowsky Petrov Graf von Spee, commenced this diversity action against eleven defendants, including plaintiff Felicia von Spee's brother, nephew, nephew's wife, and cousin's adopted son, Dr. Maximilian Graf von Spee, Wilhelm Graf von Spee, Lorraine Graf von Spee, and Clemens Maria Huburtus Apollinaris Hermann Joseph Graf von Spee ["von Spee defendants"], respectively, as well as one individual and six businesses that manage the apparently vast assets[1] of the Mittrowsky and von Spee families (who were of German and

---

[1] Plaintiffs allege that "the von Spee Family Fortune" is "in excess of hundreds of millions of dollars, and possibly "in excess of a billion dollars, and quite likely multiples of same," see Compl. [Doc. #1] at 12-14. The families have held some of these assets since 1846, id. at 29-51.

1

Czechoslovakian nobility), namely Dr. Bernhard Richter, Graeflich von Spee'sche Zentralverwaltung, the von Spee Family Enterprise, Almo Holding Company, Inc., two businesses named Almo-Farm-Anstalt Ltd. (Illinois and Delaware corporations), and Almo Farms. <u>See</u> Compl. [Doc. # 1] at 7-13, 16-25. The fourteen-count complaint alleges breach of fiduciary duties, conversion, fraudulent concealment, continuing conspiracy, fraud, and criminal conduct, and seeks an accounting, equitable relief, and punitive damages. <u>Id</u>. at 65-78. An Amended Complaint, with multiple attachments, was filed on October 31, 2006 [Doc. #50], adding one more count.

On December 11, 2006, all defendants filed a Motion to Dismiss, brief in support, and multiple affidavits and exhibits in support [Docs. ## 52-60, 62], under the doctrine of <u>forum non conveniens</u>, contending that the more appropriate forum is in Germany, and under the doctrine of international comity, insofar as plaintiffs have commenced multiple legal proceedings in Germany in which German courts already have ruled on many of the claims at issue here.[2] Under the latest scheduling orders issued, all discovery relating to the pending Motion to Dismiss will be completed by July 11, 2007

---

[2] Defendants also argue that four of the defendants are "non-existent" and two "are only assets" of some of the individual defendants.

and plaintiffs' brief in opposition to the Motion to Dismiss will be filed by August 1, 2007.  See [Docs. ## 87-88, 93, 100]; see also [Docs. ## 42, 46, 70, 95, 97-99].

On March 27, 2007, Magistrate Judge Margolis filed her Ruling on Defendants' Motion for Protective Order ("March Ruling") [Doc. # 93] concerning limited discovery related to the Motion to Dismiss, familiarity with which is presumed.

On May 11, 2007, plaintiffs filed the instant Emergency Motion to Clarify to the Extent Necessary Magistrate Judge Margolis' March Ruling Re: Scope of Discovery as to Forum Non Conveniens Issues and Motion to Compel Responses by Von Spee Defendants to Plaintiffs' Written Discovery Requests and Motion to Allow Questions at Depositions as to Same ("Emergency Motion to Clarify and Motion to Compel") [Doc. # 101].  Simultaneously, plaintiffs filed a Request for Telephonic Oral Argument as to Plaintiffs' Emergency Motion to Clarify and Motion to Compel ("Motion for Hearing") [Doc. # 102], and an Emergency Motion for Consideration and Relief on Shortened Time as to Emergency Motion to Clarify and Motion to Compel ("Motion to Expedite") [Doc. # 104]. Defendants have filed their brief and affidavit in opposition [Docs. ## 107-09].

For the reasons stated below, plaintiffs' Emergency Motion to Clarify and Motion to Compel [Doc. # 101] is

<u>granted in part, to the extent that Magistrate Judge
Margolis' March Ruling is herein clarified and modified, and
denied in part</u>; plaintiffs' Motion for Hearing [Doc. # 102]
is <u>denied as moot</u>; and plaintiffs' Motion to Expedite [Doc. #
104] is <u>granted absent objection</u>.[3]

## I. DISCUSSION

Magistrate Judge Margolis's March Ruling confined discovery at this stage to "access to proof, the location and availability of witnesses, and other facts relevant to the <u>forum non conveniens</u> determination." March Ruling at 8-9 (citing <u>Beebe v. Housatonic R.R. Co., Inc.</u>, No. 05cv0021, 2005 WL 1173974, at *3 (N.D.N.Y. May 12, 2005)) (additional citation omitted). Specifically, she stated:

> As previously indicated, defendants are willing to produce discovery regarding any connection to Connecticut, such as (a) the convenience or inconvenience of the Connecticut forum, (b) whether, to defendants' knowledge, the sources of proof or documents needed for the litigation are located in Connecticut, (c) how often defendants have traveled to Connecticut in the past, (d) whether or not, to their knowledge, relevant documents are in the German language, and (e) to a limited extent, whether or not defendants have assets in Connecticut. . . . Defendants further offered to extend the discovery requests to assets held in, and visits made by defendants to, the entire United States, not just Connecticut, which offer was rejected by plaintiffs. . . .
>
> All plaintiffs' other discovery requests resemble the "full-blown" merits discovery, or

---

[3] <u>See</u> [Doc. # 104] at 3 & Exh. A; [Doc. # 107] at 3.

4

> "uncontrolled," "repetitive," or "extensive"
> discovery prohibited . . . at this preliminary
> stage of the litigation. . . .

Id. at 9 (internal citations omitted). Defendants' Motion for Protective Order was granted "in large part" and defendants were ordered to respond

> only to discovery requests that pertain to
> discovery regarding any connection to Connecticut,
> such as (a) the convenience or inconvenience of the
> Connecticut forum, (b) whether, to defendants'
> knowledge, the sources of proof or documents needed
> for the litigation are located in Connecticut, (c)
> how often defendants have traveled to United States
> in the past, (d) whether or not, to their
> knowledge, relevant documents are in the German
> language, (e) whether or not defendants have
> assets in the United States, and (f) the location
> and availability of witnesses.

Id. at 10 (emphasis omitted).[4] It was further ordered that "[d]efendants need not respond to any other requests." Id.(emphasis omitted). On April 30, 2007, defendants served Supplemental Responses to plaintiffs' discovery requests, as required by the March Ruling. See [Doc. #101-7]; [Doc. #108] ¶ 3; March Ruling at 10.

In their Emergency Motion to Clarify and Motion to Compel, plaintiffs largely restate their earlier contentions

---

[4] Magistrate Judge Margolis ordered defendants' responses subject to a mutual confidentiality agreement (March Ruling at 10), however, according to plaintiffs' counsel, counsel agreed that the "fruits of the Petrov's plaintiffs' independent investigation are not subject to such confidentiality order." See [Doc. # 101-2] at 29 n.8; see also [Doc. # 101-18]; [Doc. # 108-3].

5

that Magistrate Judge Margolis previously rejected, namely, that defendants have substantial assets in and through the United States, have had a presence in and throughout the United States for many years, have engaged in culpable conduct, and "have [commingled] the fruits of their spoils" thus rendering "[t]he discovery sought by the plaintiffs regarding [the] assets and contacts and conduct by defendants in the United States . . . essential to a proper determination of the [the pending Motion to Dismiss]." See [Doc. #101-2] at 6-11, 19-21; see also Exs. D, DI-DV; [Doc. # 108] ¶¶ 19-28. Additionally, plaintiffs repeat that it is crucial to have the sought-after discovery regarding the forum non conveniens issue as plaintiffs cannot afford to commence suit in Germany and there is "largely no meaningful discovery under German [c]ourts." [Doc. # 101-2] at 18.[5] Plaintiffs also urge that it is "illogical, disingenuous and contrary to law to restrict discovery as to assets, conduct and contacts solely to" the District of Connecticut when

---

[5] Claims concerning more limited availability of discovery in a foreign forum generally will not dictate retention of a case under a forum non conveniens analysis. See Otor, S.A. v. Credit Lyonnais, S.A., No. 04cv6978 (RO), 2006 WL 2613775, at *4 (S.D.N.Y. Sept. 11, 2006) ("Plaintiffs' assertion that France's discovery procedures are inadequate for their fraud claims flies in the face of considerable caselaw holding that a foreign forum is not inadequate simply because its discovery procedures may be more restrictive than those in the United States.") (citing cases).

6

plaintiff, as a necessity, must file in one United States District Court, and although the "focus of this case includes . . . conservatorship and appointment of co-conservators and the Connecticut Probate Court and the co-conservators' attempts to marshal and inventory the assets as they are required to do," such assets have been commingled throughout the United States, and this sought-after discovery falls within the confines of the March Ruling. Id. at 7-8, 12-21.

In response, defendants contend that the documents they produced before and after the March Ruling demonstrate that defendants "have indeed exceeded what the [March] Ruling required," [Doc. #107] at 3-12; that plaintiffs' specific questions posed in their motion exemplify their misunderstanding of the scope of discovery, "despite the fact that [the March] Ruling has already clearly delineated the appropriate scope of discovery," id. at 12; that plaintiffs' contentions regarding their access to the German courts have "no place in a motion" regarding the scope of forum non conveniens discovery, id.; that plaintiffs "defiantly refuse to abide by the terms of the [March] Ruling and the applicable United State Supreme Court cases," id. at 13; and that plaintiffs offer no support for their reiterated arguments that have already been rejected by this Court, id.

at 13-14.[6]

 A. Interrogatories and Requests for Production

Plaintiffs seek further responses to Interrogatories and Requests for Production from defendants Dr. Bernhard Richter, Wilhelm Graf Von Spee, Almo Holding Co., and Almo-Farm-Anstalt, Ltd., in which plaintiffs seek the value, source, and location of assets, the profitability of the entities, the bank accounts held by each entity, and the purpose of trips Dr. Richter, Wilhelm Graf von Spee, and Maximilian Graf von Spee have taken to the United States since 1980. See [Doc. #101-2] at 21-27; [Doc. #101-7-101-17]. Plaintiffs also seek further response from Wilhelm Graf von Spee regarding the real estate he "owned/leased or maintained" in Georgia,[7] from Maximilian Graf von Spee regarding the assets he holds or held in the United States, and from Wilhelm Graf

---

[6] On this basis, defendants renew their request for sanctions which, in her March Ruling, Judge Margolis "denied without prejudice to renew at a later time." March Ruling at 10.
 For the same reasons stated by Judge Margolis in her March Ruling, namely, "not wishing to further exacerbate relations between counsel and distract from the completion of discovery related to the pending Motion to Dismiss," March Ruling at 10, defendants' Motion for Sanctions is denied without prejudice to renew at the close of this limited discovery period.

[7] Plaintiffs also seek a response "not limited to Wilhelm Graf von Spee personally, but as to any entities he or his solely owned/controlled entities ultimately control." [Doc. # 101-2] at 25.

8

von Spee and Maximilian Graf von Spee regarding their business activities, real estate dealings, or other activities in the United States. [Doc. #102-2] at 25-27.

"The grant and nature of production with respect to discovery [on the issue of <u>forum non conveniens</u>] is within the discretion of the trial court." <u>Fitzgerald v. Texaco, Inc.</u>, 521 F.2d 448, 451 (2d Cir. 1975) (citation omitted), <u>cert. denied</u>, 423 U.S. 1052 (1976). At this stage, plaintiffs need not present a "detailed development of [their] entire case; rather discovery is limited to the location of important sources of proof." <u>Id</u>. Plaintiffs have fundamentally misinterpreted Magistrate Judge Margolis' March Ruling, and in doing so, restated their arguments already rejected by the Court just over a month ago. <u>See</u> [Docs. ## 101-18, 108-3-108-6]. As Magistrate Judge Margolis recognized in her March Ruling, pursuant to <u>Gulf Oil Corporation v. Gilbert</u>, 330 U.S. 501 (1947), in adjudicating a <u>forum non conveniens</u> motion, the Court considers three private factors (ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of such witnesses, and other practical problems) and six public factors (administrative difficulties flowing from court congestion, local interest in having localized

controversies decided at home, interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action, avoiding of unnecessary problems in conflict of laws or in application of foreign law, and unfairness of burdening citizens in an unrelated forum with jury duty), and the bulk of the information sought by plaintiffs (i.e., "assets and contacts and conduct by defendants in the United States") appears to be information relevant to a personal jurisdiction dispute, rather than to a forum non conveniens assessment, see Sinochem International Company, Ltd. v. Malaysia International Shipping Corporation, 127 S. Ct. 1184, 1192, 1194 (2007) ("A forum non conveniens dismissal denies audience to a case on the merits, . . . [a] district court therefore may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject matter and personal jurisdiction, when considerations of convenience, fairness and judicial economy so warrant. . . . This is a textbook case for immediate forum non conveniens dismissal . . . Discovery concerning personal jurisdiction would have burdened Sinochen with expense and delay."). Indeed, the discovery plaintiffs seek is precisely the "uncontrolled" discovery that Magistrate Judge Margolis, relying on extensive case law, prohibited in her March Ruling. March Ruling at 8-10; see also In re

Bridgestone/Firestone, Inc., 131 F. Supp. 2d 1027, 1030 (S.D. Ind. 2001) ("While some discovery is necessary to the consideration of [the pending motion to dismiss,] discovery should not proceed uncontrolled.").

Rather, as Magistrate Judge Margolis previously concluded, permissible discovery will be limited to that which will demonstrate the "access to sources of proof and the cost of obtaining attendance of willing witnesses." In re Bridgestone/Firestone, 131 F. Supp. 2d at 1030. "[T]o allow any more detailed investigation at this preliminary stage would be to defeat the purpose of a forum non conveniens motion." Base Metal Trading, S.A. v. Aluminum, No. 00cv9627 (JGK)(FM), 2002 WL 987257 (S.D.N.Y. May 14, 2002) (citation omitted). Accordingly, despite plaintiffs' attestations, and as Magistrate Judge Margolis held in her March Ruling, the scope of discovery plaintiffs seek "is not reasonably and narrowly focused upon matters pertinent to [the pending motion to dismiss]," and plaintiffs cannot be permitted to "do indirectly what [they] cannot do directly: obtain discovery germane to the merits of the underlying motion." Norex Petroleum Ltd. v. Access Indus., Inc., No. 02cv1499 (LTS)(KNF), 2003 WL 1484269, at *2 (S.D.N.Y. Mar. 21, 2003).

Thus, to clarify Magistrate Judge Margolis' March Ruling

by delineating the categories of evidence which plaintiffs may request at this stage, discovery is limited to requests that pertain to access to proof, the location and availability of witnesses, and other facts relevant to the <u>forum</u> <u>non</u> <u>conveniens</u> determination, specifically:[8] (a) the location of parties and witnesses and the ability of compulsory process for attendance of unwilling witnesses (whether located in Connecticut, elsewhere in the United States, or abroad), (b) the location of documentary evidence needed for the litigation (whether located in Connecticut, elsewhere in the United States, or abroad), (c) whether or not the relevant documentary evidence is in the German language, and if not, what language it is in (<u>i.e.</u>, English or other), (d) how often defendants have traveled to the United States in the past, and (e) whether or not defendants have assets in the United States, as this will relate to the source of proof issue.[9]

---

[8] The Court notes that these categories expand consideration of the location of evidence and witnesses beyond the state of Connecticut to the United States as a whole, as their location in the United States generally could be relevant to assessment of the relative convenience of Connecticut as a forum.

[9] Information sought by plaintiffs concerning the value, source, and profitability of defendants' assets, the purpose of defendants' trips to the United States since 1980, and the nature of defendants' business activities, real estate dealings, or other activities in the United States is not relevant and is not required to be disclosed. The information sought concerning the frequency of defendants'

B.  Deposition Testimony

Plaintiffs also contend that the depositions scheduled to proceed at the United States Consulate in Dusseldorf, Germany on May 21-25, 2007 will be rendered meaningless and cause plaintiffs "to incur substantial expense to no end" if the questioning is limited to whether or not U.S. assets exist. See [Doc. #101-2] at 28. Plaintiffs seek deposition testimony from several von Spee defendants regarding the nature, extent, identity and source of assets, the nature of the conduct relevant to the alleged commingling of assets, the ongoing efforts of Dr. Richter to quitclaim property, and the ongoing history and degree of familiarity with defendants through the use of the U.S. forum to conduct business and thus, their reasonable familiarity with and expectations of being subject to the U.S. laws and court system. Id. at 20.

In her March Ruling, Judge Margolis ordered that "any depositions taken by plaintiffs shall be of a limited nature, with the same restrictions imposed upon the written discovery requests." March Ruling at 9-10. Accordingly, the depositions scheduled for next week are subject to the same limitations articulated in Judge Margolis' March Ruling and in Section I.A., supra. Specifically, with respect to the

---

travel to the United States is permitted only because it is potentially relevant to the relative convenience of a United States forum.

information sought concerning "the nature, extent, identity and source of assets, [and] the nature of the conduct relevant to the alleged commingling of assets," such information is not relevant to the <u>forum non conveniens</u> analysis, as detailed above, nor is discovery concerning "the ongoing efforts of Dr. Richter to quitclaim property, and the ongoing history and degree of familiarity with defendants through the use of the U.S. forum to conduct business and thus, their reasonable familiarity with and expectations of being subject to the U.S. laws and court system," which sound more in personal jurisdiction than in an analysis of whether Germany is a more convenient forum to adjudicate this dispute than is Connecticut.[10]

## II. CONCLUSION

Accordingly, plaintiffs' Emergency Motion to Clarify and Motion to Compel [Doc. # 101] is <u>GRANTED IN PART, to the extent that Judge Margolis' March Ruling is hereby clarified and modified as set out above, and DENIED IN PART</u>;

---

[10] Defendants "have agreed to be deposed on far broader issues" and defendants "have expended great sums of money for the depositions," thus, defendants request a ruling from this Court on who has to bear the burden of those costs if plaintiffs "will not restrict their questions . . . or decide that they no longer want to take these depositions." [Doc. #107] at 15. Should the need for such ruling arise, defendants may file a motion at the close of the limited discovery period.

plaintiffs' Motion for Hearing [Doc. # 102] is <u>DENIED as moot</u>; and plaintiffs' Motion to Expedite [Doc. # 104] is <u>GRANTED absent objection</u>.

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 16th day of May, 2007.**