UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------X

CONSTANTIN PETROV GRAF von SPEE, et al.,   :

                Plaintiffs,   :   Case No.: 3:05cv1488 (JBA)(JGM)

vs.   :

WILHELM GRAF von SPEE, et al.,   :

                Defendants.   :

------------------------------------------------------------------X

## MEMORANDUM IN OPPOSITION
## TO PLAINTIFFS' MOTION TO FILE A SURREPLY

    Defendants, by their attorneys, Wormser, Kiely, Galef & Jacobs LLP and Cummings & Lockwood, LLC, submit this Memorandum in opposition to Plaintiffs' motion for leave to file a surreply, consisting of a motion, a proposed order, a ten (10) page affidavit from German counsel, a two (2) page affidavit from Alaska counsel, a forty-two (42) page memorandum, and 75 pages of exhibits.

    The affidavits, surreply memorandum and exhibits are, apparently, to be considered by the Court in the event the motion for leave to file surreply papers is granted.

    For the following reasons, Plaintiffs' motion should be denied.[1]

### Background

    Plaintiffs filed a Complaint in this matter on September 22, 2005, and an Amended Complaint on October 31, 2006.

---

[1] Although Defendants have reviewed the motion papers, their substance is <u>not</u> addressed in this submission. We do, however, address the arguments made in Plaintiffs' "motion" which attempt to justify the need for a surreply.

Following conferences with the Court, Defendants filed a motion to dismiss -- principally on <u>forum non conveniens</u> grounds -- on December 11, 2006. The Court afforded Plaintiffs one hundred twenty (120) days to conduct discovery on the <u>forum non conveniens</u> issue, after which they were afforded 21 days to submit their opposition to the motion to dismiss. Defendants were permitted to file reply papers within two (2) weeks after receipt of Plaintiffs' opposition papers. The Court made no provision for a surreply submission.[2]

Plaintiffs filed a massive set of discovery requests on December 27, 2006. After unsuccessfully trying to reach an agreement with Plaintiffs' counsel on limiting the extremely broad scope of the discovery requests, Defendants were forced to file a Motion for Protective Order with the Court on January 29, 2007. Defendants also produced documents and responded to relevant interrogatories on February 9, 2007. Magistrate Judge Margolis rendered a decision on March 27, 2007, which granted Defendants' motion, only requiring that Defendants produce the discovery which they had indicated in their motion papers that they would be amenable to producing.

(On April 10, 2007, Plaintiffs made a motion seeking an extension of time in which to complete discovery on the <u>forum non conveniens</u> issue, arguing that Magistrate Judge Margolis in her March 27, 2007 Order had shortened the discovery period. Defendants filed a notice with the Court that they did not object to the motion. That motion was granted on April 23, 2007.)

Dissatisfied with Magistrate Margolis' decision, Plaintiffs filed an "emergency motion" for "clarification" forty-six (46) days later on Saturday, May 12, 2007[3], which the Court (per

---

[2] Note that although the motion was filed on December 11, 2006, discovery on the <u>forum non conveniens</u> issue did not actually end until July 11, 2007.
[3] These papers consisted of a 31-page Memorandum, 259 pages of exhibits, a grossly (and later concededly) <u>inaccurate</u> affidavit from a private investigator hired by Plaintiffs, a motion requesting a hearing, a motion requesting expedited review, proposed orders regarding the motions, and a notice of filing a table of contents.

Judge Arterton) decided on May 16, 2007. This decision did not require Defendants to produce any additional documents.

On April 19, 2007, Plaintiffs had noticed depositions of the five individual defendants to take place on successive days during the week of May 21, 2007, at the United States Consulate in Düsseldorf, Germany.

Also on April 19, 2007, Defendants notified Plaintiffs' counsel that Maximilian Count von Spee would be unable to testify for medical reasons. Nonetheless, Plaintiffs decided to make a record of Count Maximilian's unavailability at the Consulate on May 21st, and -- before counsel left for Germany – Plaintiffs' counsel confirmed the dates for the four other witnesses. Counsel for Plaintiffs and Defendants traveled to Germany on the weekend of May 19, 2007. Despite the facts that (i) the four (4) remaining witnesses were available in Düsseldorf, and (ii) U.S. counsel for both parties had traveled to Germany, Plaintiffs' counsel announced on the afternoon of May 21st that they would take no depositions.

Following the events (or non-events) in Germany, Plaintiffs sought additional time to respond to the motion to dismiss. In this case, Plaintiffs' counsel sought Defendants' counsel's agreement in advance, and Defendants agreed not to oppose the extension sought by Plaintiffs. At or about midnight on August 1, 2007 -- nearly <u>eight months</u> after Defendants filed their motion to dismiss -- Plaintiffs filed a 95-page opposition memorandum (nearly two and one-half times the pages allowed by the Court's rules), along with 10 affidavits and numerous exhibits.

Three weeks later, on August 24, 2007, Defendants filed their court-authorized reply papers.

<u>The Motion</u>

At 10:51 P.M. on Friday, September 14, 2007 -- three weeks after Defendants had filed

3

their reply papers -- Plaintiffs filed (by ECF) a motion for leave to file surreply papers with the already-drafted surreply papers.

The surreply motion papers do not state a reason why Plaintiffs waited three weeks to make the motion, they do not explain why Plaintiffs' counsel failed to consult with Defendants' counsel (or the Court) prior to making the motion, they cite no authority permitting a surreply[4], they do not suggest any statutory or case law changes on the subject of forum non conveniens since the date they filed their opposition to the motion, and they do not suggest that there have been any new decisions by the German courts since they filed their opposition papers.

It should also be noted that Plaintiffs' allegations in their "Motion" that good cause exists are, prima facie, baseless. In that document, Plaintiffs recite (i) the length of Defendants' reply papers (occasioned, of course, by Plaintiffs' overlong opposition papers); (ii) Defendants' citation to a case "not previously cited" by either party (which case, Kirch v. Liberty Media Corp., was decided in 2006 and was at all times available to Plaintiffs); and (iii) the supposed need for more elucidation concerning the German proceedings (including, apparently, more of "Dr. Hering's assessment of the German actions" -- even though he previously submitted an eight-page, single spaced affidavit on the same subject with Plaintiffs' opposition papers and an apparent reference to two additional, but uncontested, German proceedings which occurred in 2003 and could easily have been referred to in Dr. Hering's prior affidavits).[5]

Thus, by their own admission, Plaintiffs' motion papers have nothing substantively new to add. Since case law makes clear that surreplies will not be considered under any circumstances in the absence of intervening events or altogether new arguments made by the

---

[4] In Laleo v. Exeter Energy Limited Partnership, 980 F. Supp. 425, 429 (D. Conn. 1998), this Court noted that "[t]he Local Rules give no recognition to a 'surreply' . . . ."
[5] And, in any event, these estate matters were referenced in Horst Müller-Langguth's initial Declaration (at paragraphs 33 and 34) filed with Defendants' moving papers in December 2006.

moving party in its <u>reply</u> <u>papers</u>, the motion should be rejected.  <u>See</u>, for example, <u>Rosa v. City University of New York</u>, 2007 WL 1001416 (S.D.N.Y. Apr. 2, 2007).

In the absence of any material new facts or law, the motion for leave to file surreply papers should be denied and the Court, we submit, should strike these most recent filings as unauthorized.  To do otherwise could allow the process to go on <u>ad</u> <u>infinitum</u>.

<u>Conclusion</u>

For all of the foregoing reasons, this Court should deny the motion for leave to file surreply papers, and strike from the record the submissions Plaintiffs have filed without authorization.

        WORMSER, KIELY, GALEF & JACOBS LLP

By: _____/S/_____
John T. Morin (ct 09972)
Susanne Nienaber von Türk (phv 01215)
Jennifer L. Marlborough (phv 01214)
Attorneys for Defendants
825 Third Avenue, 26th Floor
New York, New York 10022
(212) 687-4900

Of Counsel
Robert Dolian (ct4278)
Cummings & Lockwood LLC
Six Landmark Square
Stamford, Connecticut 06901
(203) 351-4307

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

——————————————————————X

CONSTANTIN PETROV GRAF von SPEE, et al.,          :

      Plaintiffs,          :          Case No. 3-05cv1488 (JBA)

vs.          :

WILHELM GRAF von SPEE, et al.,          :

      Defendants.          :

——————————————————————X

## CERTIFICATE OF SERVICE

I, Jennifer L. Marlborough, hereby certify that I am not a party to this action, am over the age of 18 and reside in Nassau County, New York. On the 17th day of September 2007, I served the Defendants' Memorandum in Opposition to Plaintiffs' Motion to File a Surreply electronically by the Court's ECF System on the following:

    Phillip Paul Weidner
    Phillip Paul Weidner & Associates, PC
    330 L Street, Suite 200
    Anchorage, Alaska 99501

    Robert C.E. Laney, Esq.
    Ryan, Ryan, Johnson & Deluca LLP
    80 Fourth Street
    Stamford, Connecticut 06905

and a copy was sent by Federal Express to the Honorable Janet Bond Arterton.

                                       /S/
                                    Jennifer L. Marlborough