UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Constantin Petrov Graf von Spee, et al., <br> *Plaintiffs*, <br><br> v. <br><br> Wilhelm Graf von Spee, et al., <br> *Defendants*. | Civil No. 3:05cv1488 (JBA) |

**RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION AND
DEFENDANT'S REQUEST FOR SANCTIONS**

On September 27, 2007, the Court dismissed this diversity action on the grounds of forum non conveniens and international comity. (Ruling on Mot. Dismiss [Doc. # 146].)[1] Plaintiffs moved for reconsideration of this ruling, and Defendants responded in part by moving for sanctions pursuant to Local Civil Rule 37. For the reasons that follow, Plaintiffs' motion for reconsideration is granted to the extent of attaching certain agreed-to conditions to the forum non conveniens dismissal. As to the remaining arguments for reconsideration and sanctions, the motions are denied.

**I.      Motion for Reconsideration**

    **A.      Standard**

Motions for reconsideration are implicitly authorized by Local Rule of Civil Procedure 7(c)1, which provides that such motions "shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions

---

[1] The elaborate factual background to this dispute between family members and family business entities is set out in the Court's prior decision. *Von Spee v. Von Spee*, 514 F. Supp. 2d 302, 306–309 (D. Conn. 2007). The Court presumes a familiarity with this earlier ruling.

which counsel believes the Court overlooked in the initial decision or order." A court's reconsideration power is related to the "amorphous" law-of-the-case doctrine, which "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also Rezzonico v. H&R Block*, 182 F.3d 144, 148 (2d Cir. 1999). But notwithstanding the value of finality in litigation, this doctrine does not bind a court to its earlier holdings in a case if they are "clearly erroneous and would work a manifest injustice." *Arizona*, 460 U.S. at 619 (citing *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir. 1967)). Following the standard laid out in *White*, the Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478 (2d ed. 2007)). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party [is] seek[ing] solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

### B. Plaintiffs' Grounds for Reconsideration

In their motion, described as one seeking relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 7(c), Plaintiffs contend that "[t]he Court made inappropriate factual findings" with respect to the relevant historical family events, that the

2

Court inappropriately granted dismissal on the ground of international comity without allowing necessary discovery, and that dismissal should be conditional "to protect the plaintiffs from procedural barriers that may prevent litigation on the merits in that forum." (Pls.' Mot. Recons. [Doc. # 148] at 2–3, 7–9.)

The first basis for reconsideration amounts to no more than a substantive disagreement with the Court's application of the relevant forum non conveniens standard. Among the many factual objections, Plaintiffs argue that the declarations submitted by the Defendants were unreliable and distorted the relevant facts, that Plaintiffs were unable to present a factual account in opposition, that "the Court overlooked the glaring deficiencies in the defendants' presentation of evidence and accepted largely in whole their attorney's version of events," and that the Court incorrectly resolved the issue of the parties' financial considerations. However, Plaintiffs' substantial briefing on the motion to dismiss contained extensive recitations of their version of these disputed facts, and so these are not issues which the Court "overlooked" in its prior ruling. More importantly, these objections do not affect the Court's central finding—that Germany is the more appropriate forum for this dispute under the doctrine of forum non conveniens. On this point, Defendants' response is sound:

> Regardless of whether Plaintiffs agree or do not agree with every detail as to what occurred in Germany in the nineteenth and twentieth centuries that is referenced in the Court's ruling, the relevant facts are not controversial: Plaintiffs do not dispute that the various property transfers and other crucial events happened in *Germany*, that the litigation here and in Germany concerns *German* citizens, and that the relevant documents are in the *German* language—and all of these factors were properly considered by the Court on the motion to dismiss on forum non conveniens grounds.

(Defs.' Mem. Opp'n [Doc. # 151] at 4.)

Second, Plaintiffs argue that dismissal on the ground of international comity was

3

inappropriate. This argument, too, was previously addressed in the parties' motion papers, and there is no justification for relitigating the issue now. Plaintiffs conceded in their reply brief that "it may be [that] certain factors dealing with motions to dismiss based on international comity[] are similar to those as to forum non conveniens," but nevertheless contend that additional discovery was necessary. (Pls.' Reply [Doc. # 154] at 4.) There is no authority for this, though, and it is also insufficient reason to reconsider the prior decision.

Finally, Plaintiffs contend that the Court should have attached conditions to its forum non conveniens dismissal, and justify this newly-raised position by referencing "defendants['] numerous representations and promises to the Court, on which the Court relied, [which] should be incorporated into any conditional dismissal." (Defs.' Mem. Recons. at 4.) This argument does little to address the problem that a reconsideration motion is not the appropriate forum for "relitigat[ing] issue[s] already decided," *Shrader*, 70 F.3d at 257, but it does appear that the parties have found some common ground here. As explained in their opposition brief, "Defendants have already agreed to some of the conditions now requested by Plaintiffs," specifically:

(1) The individual Defendants, all German, are already subject to jurisdiction in Germany, and the Almo Defendants have already agreed to submit to jurisdiction in Germany, even though the Almo Defendants continue to belief that there are no viable claims against them as they are simply entities in which some of the individual Defendants have an ownership interest. Thus, those Defendants will be subject to the jurisdiction of the local courts in Düsseldorf, Germany.

(2) Similarly, Defendants have already agreed to waive their right to demand that Plaintiffs post a bond before commencing any suit against them in Germany.

(Defs.' Mem. Opp'n at 9 (citations omitted).)

Thus, given the parties' limited agreement on these issues and the need to "prevent manifest injustice," *Virgin Atl. Airways*, 956 F.2d at 1255, the Court grants the motion for reconsideration to the extent of attaching these two conditions to its previous order of dismissal. As to the other grounds for reconsideration pressed by Plaintiffs, there has been no showing of facts the Court overlooked, legal authority the Court misapplied or ignored, or intervening changes in the relevant law. Thus, in all other respects, the motion for reconsideration is denied.

## II. Motion for Sanctions

Defendants have moved for sanctions as a result of Plaintiffs' conduct during the discovery period which accompanied the motion to dismiss. An excerpt of the relevant procedural history is illuminating in this regard.

Plaintiffs filed an amended complaint [Doc. # 50] on October 31, 2006. On December 11, 2006, Defendants moved to dismiss the action [Doc. # 52] on the ground of forum non conveniens. One week later, Plaintiffs filed a motion for clarification of an earlier scheduling order [Doc. # 65], which spawned a full round of briefing [Docs. ## 67, 69]. In the course of conducting limited discovery on Defendants' motion to dismiss, Defendants on January 29, 2007 moved [Doc. # 71] for a protective order specifying the appropriate parameters of discovery and for sanctions under former Local Rule 37(a)(4) (now Local Rule 37(c)) for violating the Court-imposed limits on discovery. Specifically, Defendants sought "sanctions consist[ing] of the attorneys' fees that Defendants had to expend to prepare and file the [motion for protective order]." (Defs.' Mem. Protective Order [Doc. # 73] at 36.) Plaintiffs filed a motion for extension of time to respond to this motion [Doc. # 75], and then a motion to expedite such request [Doc. # 76]; the Court granted Plaintiffs' briefing

5

request and referred the underlying motion to Magistrate Judge Margolis. Plaintiffs submitted their opposition to the motion for protective order on February 28, 2007 in a 289-page filing [Doc. # 82]. In granting the accompanying motion for leave to file excess pages, Judge Margolis noted in her order [Doc. # 89] that "[w]hile it is unusual to have a[n] 82-page brief regarding discovery, the motion is nonetheless granted so that the conclusion of discovery and briefing on the pending dispositive motion will not be further delayed."

Magistrate Judge Margolis granted Defendants' motion for protective order in large part on March 27, 2007 [Doc. # 93], but denied the request for fees pursuant to Local Rule 37 without prejudice, out of a desire to not "further exacerbate relations between counsel and distract from the completion of discovery related to the pending Motion to Dismiss." This restraint was fruitless, however, as counsel continued to disagree over the scope of the limited discovery. Plaintiffs moved for further enlargement of the time for discovery on April 10, 2007, which was granted; Plaintiffs then moved [Doc. # 101] on May 11, 2007 for an "emergency" clarification of Magistrate Judge Margolis's protective order ruling and for an order compelling Defendants to respond to discovery requests (including in regard to depositions in Germany), once again submitting nearly 300 pages of briefing and exhibits. Defendants responded [Doc. # 107] by asserting that they had complied with and exceeded their discovery obligations and by renewing their request for sanctions in the form of "costs and fees associated with the previous [protective order] dispute and the current one." Magistrate Judge Margolis ruled on this "emergency" motion on May 17, 2007 [Doc. # 112] and clarified her previous ruling by further delineating the limits of this forum non conveniens discovery and by again denying Defendants' motion for sanctions without prejudice to renew at the close of the limited discovery period.

On June 5, 2007, Defendants filed a status report [Doc. # 113] advising the Court that the contested depositions to be conducted in Germany were cancelled at the last minute after Defendants' counsel had already traveled to Düsseldorf. Plaintiffs explained this change in plans in their own status report [Doc. # 114] by asserting that the parties had difficulty in crafting a confidentiality order and that the international travel was necessary "to perfect the record." Plaintiffs filed their lengthy opposition papers regarding the motion to dismiss on August 2, 2007, Defendants filed their reply on August 24, and Plaintiffs filed a surreply (the propriety of which was itself the subject of full briefing) on September 14. The Court granted Defendants' motion to dismiss on September 27, 2007.

Defendants' renewed request for sanctions pursuant to Local Rule 37 is on the basis of Plaintiffs' conduct during discovery and also due to Plaintiffs' present reconsideration motion, which Defendants call "frivol[ous]." (Defs.' Mem. Opp'n at 14–16.) Local Civil Rule 37(c) now provides:

> Where a party has sought or opposed discovery which has resulted in the filing of a motion, and that party's position is not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law, sanctions will be imposed in accordance with applicable law. If a sanction consists of or includes a reasonable attorney's fee, the amount of such attorney's fee shall be calculated by using the normal hourly rate of the attorney for the party in whose favor a sanction is imposed, unless the party against whom a sanction is imposed can demonstrate that such amount is unreasonable in light of all the circumstances.

Even taken in the light most favorable to them, Plaintiffs' counsel's conduct during the "limited" discovery appears to have been irksome, particularly in filing repetitive motions and forcing the Court to intervene in disputes which should have been resolved between parties, and in doing so by way of submissions which were needlessly prolix and at times

7

abstruse. But, the record does not show this wasteful conduct to have been "not warranted under existing law" or not "supported by good faith argument for extension, modification[,] or reversal of existing law." Therefore, there is insufficient justification for imposing sanctions.

## III. Conclusion

Accordingly, Plaintiffs' Motion for Reconsideration [Doc. # 148] is granted in part and denied in part, and Defendants' renewed request for sanctions is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of May, 2008.